UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| MARIO D. JONES, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 1:18-CV-00240-JRG-CHS |
| JAMES HOLLOWAY, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. 1]. Now before the Court are Respondent's motion to dismiss the petition as time-barred [Doc. 16], to which Petitioner has filed two responses [Docs. 19 and 20] and Petitioner's motion to compel discovery [Doc. 18]. For the following reasons, Respondent's motion to dismiss [Doc. 12] will be **GRANTED**, Petitioner's motion to compel discovery [Doc. 18] will be **DENIED as moot**, and this action will be **DISMISSED**.

### I. PROCEDURAL HISTORY

On December 8, 2009, a Bradley County jury found Petitioner guilty of possession of more than fifty grams of schedule II hydromorphone with intent to sell or deliver [Doc. 15-1 at 135]. On September 26, 2012, the Tennessee Court of Criminal Appeals ("TCCA") affirmed Petitioner's conviction and sentence. *State v. Jones*, No. M2004-000077-CCA-R3-CD, 2012 WL 4392643 (Tenn. Crim. App. Sept. 26, 2012). Petitioner did not seek to appeal this affirmance to the Tennessee Supreme Court. *Id.* On September 25, 2013, Petitioner filed a petition for post-conviction relief with the Bradley County Criminal Court [Doc. 15-10 at 1–10], which the court denied on November 25, 2014 [*Id.* at 122–28], after having a hearing [Doc. 15-11]. On August 7,

2015, the TCCA affirmed this denial [Doc. 15-15]. *Jones v. State*, No. E2014-02460-CCA-R3-PC, 2015 WL 4710394 (Tenn. Crim. App. Aug. 7, 2015), *perm. app. denied* (Tenn. Dec. 11, 2015).

On September 10, 2018, Petitioner filed his petition for a writ of habeas corpus [Doc. 1] and memorandum in support thereof [Doc. 2] which the United States District Court for the Middle District of Tennessee transferred to this Court [Doc. 5].

On December 7, 2018, Respondent filed a motion to dismiss this petition as time-barred [Doc. 16], and the state court record [Doc. 15]. On January 4, 2019, Petitioner filed a response in opposition to the motion to dismiss [Doc. 19], and on January 9, 2019, the Court received what appears to be a supplement thereto [Doc. 20]. In his response, Petitioner sets forth allegations of criminal or otherwise improper acts by various individuals, including but not limited to officers, the judge, witnesses, and lawyers involved in his underlying state criminal prosecution and alleges that his petition is timely because of "the serious nature of public corruption that continues to exist" and his allegation that the Federal Bureau of Investigation ("FBI") has started an investigation regarding this corruption which is not yet final[1] [Doc. 19 at 1–13]. Petitioner also asserts that he has been diligently pursuing his rights by reporting the alleged corruption to authorities [*Id.* at 11].

**II.     ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, *et seq.*, provides a one-year statute of limitations for the filing of an application for a federal writ of habeas corpus. The statute provides, in relevant part:

---

[1] While Petitioner states that a letter regarding this ongoing FBI investigation was attached to his petition, the letter he cites appears to be a form letter from the Special Litigation Section of the United States Department of Justice thanking Petitioner for a letter and stating that it receives hundreds of reports of potential violations, collects and analyzes that information to help it select cases, and may use information therein in an existing case [Doc. 2 at 29].

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review . . . . or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . . . ," however. 28 U.S.C. § 2244(d)(2).

For AEDPA purposes, Petitioner's convictions became final on November 25, 2012, sixty days after the TCCA affirmed his convictions, as that is the day on which Petitioner's time to file a petition for a writ of certiorari with the Tennessee Supreme Court expired. Tenn. R. App. P. 11(b). Thus, Petitioner's AEDPA clock began to run on November 26, 2012, and ran until Petitioner filed his post-conviction petition on September 25, 2013, at which point Petitioner's AEDPA clock paused and did not begin to run again until December 12, 2015, the day after the Tennessee Supreme Court denied his petition for a writ of certiorari regarding the denial of his petition for post-conviction relief. *Bronaugh v. Ohio*, 235 F.3d 280, 284–85 (6th Cir. 2000) (providing that under Fed. R. Civ. P. 6(a), the first day for counting purposes does not include the day of the act or event from which the designated period of time begins to run). As Petitioner did not file his § 2254 petition with this Court until nearly three years later on September 10, 2018, however, it is clearly time-barred, unless Petitioner can establish that he is entitled to equitable tolling of the statute of limitations.

The Supreme Court has held that equitable tolling of a statute of limitations is available "in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Petitioners have the burden of demonstrating that they are entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th

Cir. 2004) (citations omitted). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. at 2562). "The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted).

Petitioner's only apparent arguments for equitable tolling in his response to the motion to dismiss are allegations of public corruption that he states he has diligently reported to law enforcement authorities, including the FBI, whom Petitioner asserts is investigating his corruption claims. Even if this is true, however, nothing in the record establishes that Petitioner was diligently pursuing his right to relief under § 2254 or that any corruption or any other extraordinary circumstance prevented Petitioner from timely filing his § 2254 petition as required for the Court to find that Petitioner is entitled to equitable tolling for his § 2254 claims.

Moreover, while Petitioner cited "newly discovery evidence" as grounds to excuse any untimely filing of his original § 2254 petition [Doc. 1 at 13], nothing in the record supports this conclusory assertion. While Respondent assumes in his memorandum in support of his motion to dismiss that Petitioner relies upon a transcript of a sentencing hearing for Kenneth Wilson as newly-discovered evidence, a portion of this transcript was an exhibit to Petitioner's post-conviction hearing [Doc. 15-12 at 24–30]. Thus, it is apparent that this transcript is not newly-discovered evidence, and Petitioner has not set forth specific allegations to establish that he is

entitled to equitable tolling based on any newly-discovered evidence. As such, Petitioner has not met his burden to establish that any newly-discovered evidence entitles him to equitable tolling.

Accordingly, Respondent's motion to dismiss the § 2254 petition as time-barred [Doc. 16] will be **GRANTED**, Petitioner's motion to compel discovery [Doc. 18] will be **DENIED as moot**, and this action will be **DISMISSED**.

Finally, the Court must consider whether to issue a certificate of appealability (COA), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). A petitioner whose claims have been rejected on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001). As reasonable jurors would not debate the correctness of the Court's ruling that the § 2254 is time-barred and Petitioner has not established that he is entitled to equitable tolling, a COA will not issue.

## III. CONCLUSION

For the reasons set forth above:

1. Respondent's motion to dismiss the § 2254 petition as time-barred [Doc. 16] will be **GRANTED**;

2. Petitioner's motion to compel discovery [Doc. 18] will be **DENIED as moot**;

3. This action will be **DISMISSED**; and

4. A COA shall not issue.

**AN APPROPRIATE ORDER WILL ENTER.**

So ordered.

ENTER:

                                                  s/J. RONNIE GREER
                                         UNITED STATES DISTRICT JUDGE